IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOYCE D. DOBBS                                               PLAINTIFF

         v.                          Civil No. 09-2095

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Joyce Dobbs, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability income benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## Procedural Background

The plaintiff filed her application for DIB on January 16, 2007, alleging an onset date of September 1, 2002, due to problems with her diabetes mellitus, pancreatic cysts, osteoporosis, heel spurs, gastroesophageal reflux disorder, and a hernia. (Tr. 78, 115, 140, 158-159). Her application was initially denied and that denial was upheld upon reconsideration. (Tr. 87, 93). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on July 1, 2008. (Tr. 27-64). Plaintiff was present and represented by counsel.

At this time, plaintiff was 52 years of age and possessed a high school education and a Bachelor's Degree in Business Administration. (Tr. 33-35, 84, 147). She had past relevant work ("PRW") as a teacher and real estate agent. (Tr. 3-35, 84, 147).

On December 29, 2008, the ALJ found that plaintiff's diabetes mellitus, pancreatic cysts, osteoporosis, and heel spurs were severe, but did not meet or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 80-81). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to perform light work involving sitting no more than two hours out of an eight hour workday, standing and walking six hours per day, occasionally reaching overhead and operating a motor vehicle, and no exposure to unprotected heights or heavy machinery. (Tr. 81-84). With the assistance of a vocational expert, the ALJ found plaintiff could perform work as an cashier, hand packager, and information clerk. (Tr. 84-85).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 3, 2009. (Tr. 1-3). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 5, 6).

## Applicable Law

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

2

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the court would have

decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ

must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving her disability by establishing a physical or mental disability that has lasted at least one

year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3),

1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has

lasted for at least twelve consecutive months.

**Discussion**

Of particular concern to the undersigned is the ALJ's conclusion that plaintiff retained

the RFC to stand/walk for six hours out of an eight-hour workday.  RFC is the most a person can

do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the

burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th

Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record,

3

including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,*  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

On March 24, 2004, plaintiff complained of ankle pain for three weeks.  (Tr. 515).  It had not improved, in spite of staying off of it.  Plaintiff had a history of ankle strain.  She also complained of weight gain following her surgery for a benign pancreatic tumor.  An examination of her ankle revealed tenderness located laterally around the anterior talofibular ligament ("ATFL") area without laxity or significant swelling or effusion.  Plaintiff primary care physician, Dr. Brian Cotner diagnosed her with right ankle pain, weight gain, benign renal cysts, mild obesity, and a history of benign pancreatic tumor.  He prescribed an air cast and NSAIDs.  Dr. Cotner also ordered lab tests and indicated that he would modify her diet and exercise programs when he received those results.  She did not, however, qualify for any kind of diet medication.  (Tr. 515).

On March 29, 2004, plaintiff was treated by Dr. Danny Aquilar, a podiatrist.  (Tr. 265).  She reported a painful right ankle for several years following a sprain injury.  An examination

4

revealed pain on palpation of the anterior and inferior aspect of the right ankle with mild edema and a positive anterior Drawer's sign[1] of the right ankle with positive pain upon eversion of the foot. X-rays showed only bone spurs. Dr. Aquilar diagnosed plaintiff with arthritic changes and bone spurs of the right ankle with right ankle instability. Dr. Aquilar prescribed an ankle brace, shoe gear, and strengthening exercises. (Tr. 265).

On April 12, 2004, plaintiff reported improvement in her right ankle with continued discomfort. (Tr. 264). Dr. Aguilar noted tenderness on the anterior inferior aspect of the right ankle with a positive anterior Drawer's sign. He diagnosed plaintiff with right ankle instability with bone spurs in the right ankle and arthritic changes. Plaintiff was prescribed Naprosyn, ankle bracing, and exercises. (Tr. 264).

On May 10, 2004, plaintiff was doing well, but continued to exhibit some remaining tenderness. (Tr. 263). An examination revealed minimal tenderness on the anterior and inferior aspect of the lateral malleolus of the right ankle with mild edema. There was also a positive anterior Drawer's sign of the right ankle. Dr. Aquilar diagnosed plaintiff with instability of the right ankle with a bone spur of the fibula. He advised her that if she continued to experience problems with her feet, surgery would be his next recommendation. (Tr. 263).

On September 29, 2006, plaintiff returned to the Aquilar Foot Care Clinic with a painful right heel. (Tr. 262). She indicated that her pain had been worsening for the previous six weeks, but could remember no trauma to the area. An examination revealed pain on palpation on the plantar aspect of the medial calcaneal tuberosity and along the medial band of the plantar fascia

---

[1]A positive Drawer's sign is an indication of a sprain of the anterior talofibular ligament (ankle).

5

AO72A
(Rev. 8/82)

of the right foot. Mild edema was also noted in the right heel with a decreased medial arch.
Plaintiff indicated that previous x-rays had revealed a calcaneal spur. Dr. Aquilar diagnosed her
with plantar fasciitis and heel bursitis of the right foot with a calcaneal spur and continued right
ankle instability. He prescribed stretching and strengthening exercises as wall as anti-
inflammatories and over-the-counter orthotics. Dr. Aquilar also administered a corticosteroid
injection of Depo-Medrol into her right heel and advised her to continue with the ankle brace for
ankle support. (Tr. 262).

On October 13, 2006, plaintiff reported some improvement, but continued to experience
right foot discomfort. (Tr. 261). An exam revealed decreased pain in the right heel, but
continued mild edema. Dr. Aquilar diagnosed her with resolving plantar fasciitis and bursitis
of the right heel. He prescribed orthotics, stretching and strengthening exercises, and anti-
inflammatories. Plaintiff was given a prescription for Naprosyn. (Tr. 261).

On November 3, 2006, plaintiff told Dr. Aquilar that her right heel pain had greatly
improved. (Tr. 260). However, she continued to have tenderness on the plantar aspect of the
right heel and mild edema. A decreased medial right arch was also noted. Dr. Aquilar diagnosed
her with resolving plantar fasciitis and right heel bursitis. He advised her to continue with the
stretching and strengthening exercises, anti-inflammatories, and over-the-counter orthotics. He
then prescribed Naprosyn. (Tr. 260).

On December 7, 2006, plaintiff reported some improvement. (Tr. 259). An examination
revealed a decrease in the pain on palpation on the plantar aspect of the right heel. Dr. Aquilar
diagnosed her with resolving plantar fasciitis and heel bursitis of the right foot. Again, he

AO72A
(Rev. 8/82)

advised her to continue with the orthotics, stretching, strengthening exercises, and anti-inflammatories. (Tr. 259).

On January 19, 2007, plaintiff complained of continued foot discomfort. (Tr. 258). Dr. Aquilar noted pain on palpation of the plantar aspect of the right heel. He diganosed her with plantar fasciitis and heel bursitis of the right foot. Dr. Aquilar prescribed rubber arch fillers to pick up the medial arch. (Tr. 258).

On March 2, 2007, plaintiff returned for a follow-up concerning her right heel pain. (Tr. 257). She indicated that the pain had worsened since her last visit. Dr. Aquilar noted pain on palpation on the plantar aspect of the right heel with mild edema. She also had a decreased medial right arch. He diagnosed plaintiff with plantar fasciitis and heel bursitis of the right foot. Treatment consisted of performing a corticosteroid injection of Depo-Medrol into the right heel and advising plaintiff to continue with the stretching and strengthening exercises. Dr. Aquilar noted that, if her problems continued, his next recommendation would be custom orthotics. (Tr. 257).

On May 5, 2008, Dr. Aquilar concluded that plaintiff could not sit/stand/walk in combination for eight hours in an eight hour work-day. (Tr. 335). He then listed her diagnoses as arthritis of the left ankle, left ankle instability, sprain of the fourth and fifth cuboid joint, and plantar fasciitis. (Tr. 335).

On May 14, 2008, Dr. Cotner completed a physical RFC assessment. (Tr. 537). He indicated that plaintiff could not sit for six hour out of an eight-hour workday, could not sit/stand/walk in combination for eight hours in an eight-hour workday, could not perform part-time work activities of any nature for more than ten hours in a forty hour work-week, and

AO72A
(Rev. 8/82)

required four or more unscheduled work breaks in an eight hour work-day due to physical restrictions. Dr. Cotner then listed her diagnoses as chronic pancreatitis, chronic pain syndrome, and chronic diarrhea. (Tr. 537).

As previously noted, the ALJ determined that plaintiff could stand and/or walk for six hours during an eight-hour workday. However, given the evidence indicating that plaintiff suffered from plantar fasciitis, heel bursitis, a calcaneal spur, and right ankle instability, we do not believe substantial evidence supports this determination. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Both of plaintiff's treating physician's opined that plaintiff could not sit, stand, or walk in combination for a total of eight-hours per day. While neither doctor makes clear exactly how long plaintiff could stand and/or walk, the ALJ failed to develop the record in this regard. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made); *see also Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that duty to develop record may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped). Instead, he relied on the assessment of a non-examining, consultative physician. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). As such, we believe that remand is necessary to allow the ALJ to obtain evidence from plaintiff's treating doctors concerning how long plaintiff could stand and/or walk during an eight-hour workday. *Lewis,* 353 F.3d at 646 (8th Cir. 2003) (holding an ALJ's

8

determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of July 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

9